**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:21-CR-30016-DWD** |
| | ) | |
| **MARCUS GREER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER GRANTING EARLY TERMINATION OF SUPERVISED RELEASE**

**DUGAN, District Judge:**

On February 16, 2022, Defendant Marcus Greer pled guilty of to one count of Felon in Possession of a Weapon in violation of 18 U.S.C. § 922(g)(1). (Doc. 41). On February 16, 2022, Greer was sentenced to a total of 57 months imprisonment, to be followed by a 3-year term of supervised release. (Doc. 41). The Court granted Greer's Motion to reduce his sentence of imprisonment to 51 months on February 1, 2024. (Doc. 51).

On July 15, 2026, Greer filed his Motion for Early Termination of Supervise Release. (Doc. 53). Greer asks the Court to terminate his supervised release approximately 17 months early. Greer states that he has satisfied the terms of his supervised release and is rehabilitated. Greer has maintained consistent employment for the term.

On August 13, 2026, the Government filed its response (Doc. 55) after consulting with the United States Probation Office. The Government agrees to the early termination of Greer's supervised release. (*Id.*). The Government represents that Greer served his 51-month imprisonment without incident and as of July 22, 2026, has completed one year,

six months, and 27 days of the supervised release. (*Id.*). The term is set to expire on approximately December 27, 2027. (*Id.*). Greer has complied with all financial obligations imposed by the court, complied with all conditions of supervised release, and has maintained lawful employment while on supervised release. (Doc. 53). Greer's probation officer states that Greer has not incurred any violations while on supervision. (Doc. 55). He also states that Greer has actively maintained employment and sobriety. (*Id.*).

Motions for early termination of supervised release are governed by 18 U.S.C. § 3583(e)(1), which states that, after consideration of a number of factors, the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release" so long as the Court is "satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice."

Federal Rule of Criminal Procedure 32.1 normally requires a hearing before a term of supervised release can be modified, but no hearing is necessary if: the person waives the hearing; or the relief sought is favorable to the person and does not extend the term of supervised release, and an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so. *See* Fed. R. Cr. P. 32.1(c)(1).

The Court **FINDS**, pursuant to 18 U.S.C. § 3583(e)(1), that Greer has completed more than one year of supervised release and that early termination of the remainder of his supervised release is in the interest of justice and is warranted, as the defendant is unlikely to benefit from further supervision. Upon consideration of the factors set forth

in 18. U.S.C. § 3553, the Court **GRANTS** Greer's Motion for Early Termination of Supervised Release (Doc. 53), and **ORDERS** that Greer's supervised release be terminated, effective immediately.

**SO ORDERED.**

Dated: August 14, 2026

Judge Dugan
Digitally signed by Judge Dugan
Date: 2026.08.14 16:27:13 -05'00'

DAVID W. DUGAN
United States District Judge